# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AGWU MONG,<br>   Plaintiff<br><br>  v.<br><br>STEVEN M. MCKENZIE *et. al*,<br>   Defendants | No. 21 CV 2420<br><br>Judge Jeremy C. Daniel |

## ORDER

For the reasons stated in this order, the defendants' motion to dismiss the plaintiff's amended complaint, R. 23, is granted in part and denied in part. All claims against the City of Chicago (and the City of Chicago Law Department) are dismissed. The plaintiff's conspiracy, unlawful search, and excessive force claims are dismissed as to each remaining defendant. The plaintiff's unlawful arrest claim survives as to each remaining defendant. The plaintiff has until December 15, 2023, to file an amended complaint if he can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. Status hearing set for December 19, 2023, at 9:30 a.m.

## STATEMENT

Plaintiff Agwu Mong filed a complaint alleging that Defendants City of Chicago ("the City"), Steven McKenzie of the City Law Department, and Chicago Police Department officers Jose Lisowski, Jesus Vasquez, Raul Cervantes, and Muniz (collectively, the "Defendant Officers") conspired to violate his civil rights by unlawfully arresting him, unlawfully searching him, and using excessive force. R. 13. The defendants filed a Rule 12(b)(6) motion to dismiss Mong's first amended complaint. R. 23.

To survive a motion to dismiss under Rule 12(b)(6), a complaint only needs to contain factual allegations that, when accepted as true, are sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When considering a Rule 12(b)(6) motion to dismiss, the Court "must draw all reasonable inferences in the plaintiff's favor." *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The Court, however, "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

As a threshold matter, there appears to be some confusion as to whether the plaintiff named the City of Chicago Law Department as a defendant. The defendants believe so, given their argument that the Law Department cannot be sued. R. 23 at 13-14. The Court understands the complaint to name the City of Chicago as a defendant, as well as Steven McKenzie of the City of Chicago Law Department. Either way, neither the City nor its Law Department are proper defendants in this case. "Local governments are liable for damages under § 1983 only for violations of federal rights that occur 'pursuant to official municipal policy of some nature.'" *Bradley v. Vill. of Univ. Park, Ill.*, 929 F.3d 875, 884 (7th Cir. 2019) (citing *Monell v. N.Y.C. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978)). Here, the complaint seeks to establish *Monell* liability by alleging there was a policy of "trespassing at 324 N. Lotus Ave[.], Chicago, IL, 60644." R. 13 at 3. But this only describes the specific action that the plaintiff alleges was improper—not the custom, policy, or practice under which the trespass occurred. As such, the complaint fails to state a claim against the City.

To the extent the complaint named the Law Department itself as a defendant, any claims against the Law Department fail because it is "merely an instrumentality" of the City with "no independent legal existence apart from the [City]." *See Yachnin v. Vill. of Libertyville*, 803 F. Supp. 2d 844, 847 (N.D. Ill. 2011). As such, the complaint fails to state a claim against the Law Department.

With respect to the remaining defendants, McKenzie and the Defendant Officers, they contend dismissal of the complaint is warranted because it contains "no factual allegations of misconduct." R. 23 at 7. Though the plaintiff checked boxes for unlawful search and excessive force, nothing in the complaint supports those allegations. Unsupported conclusory factual allegations do not state a § 1983 claim. *Bilek*, 8 F.4th at 586. Accordingly, the defendants' motion to dismiss the plaintiff's conspiracy, unlawful search, and excessive force claims is granted.

The complaint does, however, contain allegations sufficient to state a claim for unlawful arrest and conspiracy to commit unlawful arrest. To state a claim for unlawful arrest, a plaintiff must plausibly allege "that he was arrested without probable cause." *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 899 (7th Cir. 2001). "To state a civil conspiracy claim, 'a plaintiff must allege an agreement and a tortious act committed in furtherance of that agreement.'" *Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619, 630 (N.D. Ill. 2020) (citation omitted). Here, the complaint states that the Defendant Officers arrested the plaintiff without probable cause and provides some information concerning the circumstances of his arrest, including that on the day of his arrest, McKenzie sent a letter containing inaccurate information to the Defendant Officers to have him falsely arrested. R. 13 at 2, 5. The complaint further alleges that "McKenzie and his associates have worked together to sabotage [the plaintiff's] works and relationships" and suggests that McKenzie used the "false arrest to deter [the plaintiff]" from fighting for his family

property. R. 13 at 5. These allegations state a claim for conspiracy and unlawful arrest as to McKenzie and the Defendant Officers.

The defendants argue that the plaintiff cannot plausibly state an unlawful arrest claim because footage from the Defendant Officers' body-worn cameras (BWC) demonstrates that the arrest was supported by probable cause. R. 23 at 8-12. "In order to apply the 'narrow' doctrine of incorporation-by-reference, the BWC videos need to be referenced in [the] complaint and central to his claim." *Brown v. City of Chi.*, 594 F. Supp. 3d 1021, 1030 (N.D. Ill. 2022). The complaint does not mention the Defendant Officers' BWC videos at all, nor does the footage supply a basis for the plaintiff's claims. The incorporation-by-reference doctrine is therefore inapplicable, and the Court declines to consider the BWC footage in resolving Defendants' motion to dismiss.

The defendants also argue that the plaintiff's unlawful arrest claim should be dismissed because his complaint did not identify the Defendant Officers as being involved in any of the alleged constitutional deprivations. R. 23 at 6. But the plaintiff identified the Defendant Officers in the complaint and a reasonable inference could be drawn that it was these officers who participated in his arrest after receiving the letter from McKenzie. Although the plaintiff will ultimately have to demonstrate that each defendant was personally responsible for his unlawful arrest, the failure to ascribe specific conduct to a specific officer is not fatal at this stage. *See, e.g.*, *Fulton v. Bartik*, 547 F. Supp. 3d 799, 810 (N.D. Ill. 2021) (denying motion to dismiss despite the defendant's argument that the plaintiff had failed to allege personal involvement where the complaint attributed misconduct to collectively defined subgroups of defendants).

Finally, the defendants argue that they are entitled to qualified immunity. Although it is prudent to address qualified immunity promptly, dismissing on such grounds at the motion to dismiss stage is inappropriate where 'the existence of qualified immunity . . . depend[s] on the particular facts of a given case.'" *Brown,* 594 F. Supp. at 1039 (citation omitted). There are many factual issues remaining in this case, including whether McKenzie intentionally provided outdated information to the Defendant Officers and whether the Defendant Officers properly relied on that information. These considerations do not allow the Court to decide the applicability of qualified immunity at this time.

The Court grants the plaintiff's request for leave to amend his complaint. R. 33 at 3. Leave to amend shall be freely given absent undue delay or prejudice to the opposing party. Fed. R. Civ. P. 15(a), (b). Accordingly, the plaintiff will have 30 days to file a second amended complaint if he can do so consistent with the Federal Rules of Civil Procedure.

Date: 11/14/2023

JEREMY C. DANIEL
United States District Judge