UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGWU MONG,<br>   Plaintiff<br><br>  v.<br><br>STEVEN M. MCKENZIE, *et al.,*<br>   Defendants | No. 21 CV 2420<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendants' motion to dismiss [47] is granted because the second amended complaint fails to state a claim. Because this is the plaintiff's second amended complaint, the dismissal is with prejudice. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012). Civil case terminated.

### STATEMENT

Before the Court is the defendants' motion to dismiss the second amended complaint. (R. 47.) The Court previously dismissed certain claims raised in the plaintiff's first amended complaint, which was filed *pro se*, but granted him leave to amend. (R. 39.) With the assistance of counsel, the plaintiff filed a second amended complaint that raises two claims under § 1983: civil conspiracy (Count I) and unlawful arrest (Count II). (R. 43 ("SAC").) Shedding new light on the bare bones form complaint the plaintiff filed originally, the second amended complaint alleges that defendants Jesus Vasquez and Raul Cervantes, both Chicago police officers, arrested the plaintiff for trespassing without probable cause. The plaintiff further alleges that defendants Jose Lisowski and Samuel Muniz, also Chicago police officers, participated in the arrest.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint only needs to contain factual allegations that, when accepted as true, are sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–57 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion to dismiss, the Court "must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

According to the plaintiff, defendants Vasquez and Cervantes arrested him at 324 N. Lotus Avenue in Chicago, Illinois. (SAC ¶ 7.) The purported owner of the property told Vasquez and Cervantes that a trespass order had been entered against the plaintiff, but Vasquez and Cervantes did not see the trespass order or any other evidence of ownership of the property prior to arresting the plaintiff. (*Id.* ¶¶ 7–9.) At the time of the plaintiff's arrest, the trespass order (and its supporting affidavit) had expired. (*Id.* ¶¶ 10–11.) At some point during the encounter, one of the defendants "spoke with [defendant Steven] McKenzie's office," which confirmed "that there was a trespass affidavit in effect when in fact the affidavit had lapsed six months earlier." (*Id.* ¶¶ 15.) Additionally, during the encounter, one or more of the defendants commented that the plaintiff would receive an "I–bond" and "this would be a civil matter." (*Id.* ¶ 16.) Prior to his arrest, the plaintiff told defendants Vasquez and Cervantes that the plaintiff lived at the Lotus Avenue property and had identification that could prove it. (*Id.* ¶ 13.)

These allegations fail to state a claim. In Illinois, a "person commits criminal trespass to real property when he enters upon the land of another, after receiving, prior to the entry, notice from the owner or occupant that the entry is forbidden" or "remains upon the land of another, after receiving notice from the owner or occupant to depart." 720 ILCS 5/21–3. Here, the complaint alleges that police officers were told by the purported owner of a property that a trespass order had been entered against the plaintiff. The only reasonable inference from the alleged efforts taken by the purported property owner to show the police officers that a trespass order had been entered, as well as from the fact of the plaintiff's arrest for trespass, is that the plaintiff was not allowed on the property by the purported property owner. These allegations show that the defendants had probable cause to arrest the plaintiff for criminal trespass.

The plaintiff asserts that the defendants had insufficient information to arrest him. (R. 55 ¶ 7.) According to the plaintiff, the defendants should have taken additional steps to review the "deed or any other ownership document," confirm the effective dates of the trespass order, review the trespass affidavit, and accept the plaintiff's representation that he lived at the property. (*Id.* ¶¶ 1, 7.) But "[p]robable cause requires only that a probability or a substantial chance of criminal activity exist." *Tebbens v. Mushol*, 692 F.3d 807, 819 (7th Cir. 2012) (quoting *Purvis v. Oest*, 614 F.3d 713, 722–23 (7th Cir. 2010)). "The evidence need not show that the officer's belief is more likely true than false." *Purvis v. Oest*, 614 F.3d 713, 723 (7th Cir. 2010).

Moreover, "allegations by eyewitnesses supply probable cause when the statements, if true, show that a crime has occurred." *Askew v. City of Chi.*, 440 F.3d 894, 895 (7th Cir. 2006). This is true even if the accused person denies the allegations. *Id.* "Police need not conduct an investigation but may arrest and let prosecutors and courts determine who is telling the truth." *Id.* To the extent that the defendants knew that the purported owner may have held a grudge against the plaintiff given the apparent

property dispute, *see id.* (noting exception where the police know of a grudge between the accuser and the accused), the steps taken by the defendants to confirm the existence of the trespass order provided sufficient corroboration to render the arrest reasonable.

With respect to that confirmation, the plaintiff alleges that someone in "McKenzie's office" confirmed that a trespass order existed. (SAC ¶ 15.) The second amended complaint does not allege that Steven McKenzie himself provided that information or that the person in "McKenzie's office" acted at Steven McKenzie's direction. Accordingly, to the extent that the second amended complaint attempts to state a claim against McKenzie, it fails to do so.

Finally, the second amended complaint also fails because the defendant officers have qualified immunity. "Whether qualified immunity applies turns on two questions: first, whether the facts presented, taken in the light most favorable to the plaintiff, describe a violation of a constitutional right; and second, whether the federal right at issue was clearly established at the time of the alleged violation." *Smith v. Finkley*, 10 F.4th 725, 737 (7th Cir. 2021). Here, there was no constitutional violation as the police officers had probable cause to arrest the plaintiff for criminal trespass. The Court therefore grants the defendants' motion to dismiss in its entirety.

Date: 5/1/2024

JEREMY C. DANIEL
United States District Judge